IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER JONES, :
:
    Plaintiff, : No. 4:09-CV-887
:
v. : (Judge McClure)
:
C.O. HASHAGEN, et al., :
et. al. : (Magistrate Judge Carlson)
:
    Defendants. :

**MEMORANDUM**

January 12, 2010

**INTRODUCTION:**

On May 11, 2009, plaintiff Christopher Jones, a state inmate now residing at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), proceeding pro se, commenced this action by filing a complaint under 42 U.S.C. § 1983. (Rec. Doc. No. 1). At the time during which the events relevant to the instant action occurred, the plaintiff was a state inmate incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"). In his complaint, plaintiff named as defendants SCI-Dallas Corrections Officers Hashagen and Linhart,[1] Unit Manager Joseph Semon,

---

[1] Defendants Hashagen, Semon, and Klopotoski claim that Corrections Officer Linhart, who apparently has been neither identified nor served, was improperly named as a defendant in this matter. Magistrate Judge Carlson did not address this issue in his Report and Recommendation, and the plaintiff has not objected to this contention by the defendants.

Superintendent Michael D. Klopotoski, and a Dr. Dempsey.

**BACKGROUND:**

Plaintiff asserts that his federally-protected rights were violated by the above defendants when he was assaulted by another inmate at SCI-Dallas on February 5, 2008. Plaintiff alleges that, as he was leaving his cell, fellow inmate Woodrow Mitchell, from the cell block's top tier, threw a television at the plaintiff that struck him on the head. Plaintiff claims that Mitchell returned to his cell to retrieve hot water, which he subsequently threw onto the plaintiff, who was now lying on the floor. Plaintiff also alleges that Mitchell returned to his cell for a second time, only to return with another object that he threw at plaintiff, which struck the plaintiff on his elbow and shoulder. Plaintiff eventually received treatment at both an outside hospital and the prison's infirmary.

On February 12, 2008, pursuant to Department of Corrections Administrative Directive 804 ("DOC-ADMIN 804"), the plaintiff filed a grievance with the prison's unit manager, Joseph Semon. This grievance was denied. Next, plaintiff filed an appeal with Superintendent Klopotoski, who denied the plaintiff's appeal on March 28, 2008. Finally, prison officials dismissed the plaintiff's final appeal on May 12, 2008, because of its being filed in an untimely manner. Plaintiff claims that this final appeal was in fact timely, as he alleges that he was not provided with the Superintendent's denial of his appeal until April 17, 2008.

On May 11, 2009, plaintiff filed his pro se complaint against defendants Hashagen, Linhart, Semon, Klopotoski, and Dempsey. (Rec. Doc. No. 1). The matter initially was assigned to Magistrate Judge Mannion, though it eventually was reassigned to Magistrate Judge Carlson. (Rec. Doc. No. 14). On August 24, 2009, defendants Hashagen, Semon, and Klopotoski ("Corrections Defendants") filed a motion to dismiss. (Rec. Doc. No. 13). On September 8, 2009, the Corrections Defendants filed a brief in support of their motion to dismiss. (Rec. Doc. No. 16). Plaintiff Jones filed a brief in opposition to the Corrections Defendants' motion to dismiss on September 29, 2009. (Rec. Doc. No. 17).

Magistrate Judge Carlson filed a twenty-one page Report and Recommendation on September 30, 2009. (Rec. Doc. No. 18). First, in his Report and Recommendation, Magistrate Judge Carlson recommended dismissal of the plaintiff's claims against the Corrections Defendants to the extent that those claims seek damages from the defendants for acting in their official capacities. Id. at 19. Second, the magistrate judge recommended that the claim against Superintendent Klopotoski be dismissed for failure to state a claim upon which relief can be granted.[2] Third, the magistrate judge recommended denial without prejudice of

---

[2] The magistrate judge recommended that this dismissal be without prejudice to the plaintiff, in order for the plaintiff to be provided leave to amend his complaint within thirty (30) days of our entry of an order adopting the magistrate

3

that portion of the Corrections Defendants' motion which sought dismissal of the plaintiff's complaint based upon the failure to exhaust administrative remedies. Id. at 20.

On November 11, 2009, the plaintiff filed a document in which he objected to the magistrate judge's Report and Recommendation on two grounds. (Rec. Doc. No. 23). First, the plaintiff disputes the magistrate judge's conclusion that the plaintiff failed to state a claim as to Superintendent Klopotoski upon which relief can be granted. Id. at 2. The plaintiff claims that he properly alleged, in his brief opposing the Corrections Defendants' motion to dismiss, that the inmate who injured him "had a pattern of assaults which . . . Superintendent's [sic] in which he is housed would be aware of," and that, as such, "the risk was known or should have been known to the defendants including Klopotoski." Id. at 2. Second, the plaintiff claims that the magistrate's decision not to consider evidence presented by the plaintiff regarding the exhaustion of remedies was improper; instead, the plaintiff argues that "[t]he matters presented . . . merely clarifies [sic] the facts presented in the pro se complaint." Id. at 3.

Upon our review of the complaint and documents in the case, which include the Report and Recommendation and the plaintiff's objections to this Report and

---

judge's Report and Recommendation. Id. at 19-20.

Recommendation, as well as applicable law, we agree with the magistrate judge's thorough analysis and recommendations. As such, we will adopt the magistrate judge's Report and Recommendation in full. (Rec. Doc. No. 18). Therefore, we will dismiss plaintiff's claims against the Corrections Defendants that seek damages based upon those defendants' actions undertaken in their official capacity and dismiss without prejudice plaintiff's complaint against Superintendent Klopotoski for failure to state a claim upon which relief can be granted. In addition, we will deny without prejudice the Corrections Defendants' motion to the extent that it seeks dismissal of plaintiff's claims for failure to exhaust administrative remedies.

For the purposes of judicial economy, we will not rehash the sound reasoning employed by the magistrate judge. Instead, we will respond to only those objections to the magistrate judge's Report and Recommendation properly raised by the plaintiff.

**DISCUSSION:**

A district court reviews <u>de novo</u> those portions of a magistrate judge's Report and Recommendation to which a party objects. <u>See</u> Middle District Local

Rule 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### 1. The Magistrate Judge's Conclusion That Plaintiff's Claim Against Superintendent Klopotoski Fails To State A Claim Upon Which Relief Can Be Granted

Plaintiff's first objection to the magistrate judge's Report and Recommendation pertains to the recommendation that plaintiff's claim against Superintendent Klopotoski be dismissed. More specifically, the magistrate judge dismissed this claim without prejudice, recommending that the plaintiff be "granted leave to amend his complaint to address the deficiencies identified in this report and recommendation . . . by amending the complaint within 30 days of the entry of an order adopting this report and recommendation." (Rec. Doc. No. 18 at 19-20). In his objections, plaintiff contends that dismissal would be inappropriate, as facts he alleges in his brief opposing the Corrections Defendants' motion to dismiss show that a risk of assault on the part of inmate Mitchell "was known or should have been known to these defendants including Klopotoski." (Rec. Doc. No. 23 at 2).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v.

6

King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v.

Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950, citing Fed. R. Civ. P. 8(a).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a

claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

We agree with the magistrate judge that the plaintiff's complaint fails to make out a claim against Superintendent Klopotoski. As the magistrate judge rightly points out, the complaint is nearly devoid of factual averments pertaining to Superintendent Klopotoski, with the few factual references by plaintiff to the superintendent being the claim that "[o]n 3/28/08 Defendant Klopotoski rendered a decision on Plaintiff's appeal upholding Defendant Semon's undated response" and plaintiff's reference to "Defendant Klopotoski's 4/17/08 response to Plaintiff's request concerning the status of his grievance appeal . . . ." (Rec. Doc. No. 1 at 7). As the Court of Appeals for the Third Circuit has made clear, "'[d]eliberate indifference is a subjective standard under Farmer – the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. Pa. 2001). The allegations in the plaintiff's complaint simply cannot support his Eighth Amendment claim that Superintendent Klopotoski acted with deliberate indifference to the plaintiff's health or safety.

Plaintiff's conclusion that the superintendent's "failure to take action to curb Inmate Mitchell's pattern of assaults, known or should have been known to [him],

9

[and] constituted deliberate indifference" is similarly unavailing. Id. at 8. Such a statement is the type of conclusory statement and threadbare recital of an element of a claim that the United States Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) found to be insufficient for the purposes of defeating a motion to dismiss.

For the above reasons, we agree with the magistrate judge that, based upon the plaintiff's complaint in its present form, the plaintiff has failed to state a claim upon which relief can be granted as to defendant Superintendent Klopotoski. We similarly will adopt the magistrate judge's recommendation that the complaint as to Superintendent Klopotoski be dismissed without prejudice, in order that the plaintiff be allowed the opportunity to amend his pleadings to comply with the dictates of Rule 12(b)(6).

**2. The Magistrate Judge's Failure To Consider Matters Beyond the Plaintiff's Pleading On A Motion To Dismiss For Failure to Exhaust Administrative Remedies**

The plaintiff's second objection to the magistrate judge's Report and Recommendation stems from the Corrections Defendants' contention that the plaintiff has failed to exhaust administrative remedies and, therefore, dismissal of the complaint is warranted. Plaintiff claims that "the matters the Magisatrate [sic] considers outside the complaint are, in fact, merely clarifications of information

provided in the complaint regarding the exhaustion of administrative remedies." (Rec. Doc. No. 23 at 2-3). In addition, plaintiff notes that the allegations in his complaint pertaining to exhaustion of remedies intimate "that those responsible for timely delivery of decisions during the exhaustion of remedies process, did not, rendering the remedy unavailable, however, Plaintiff promptly proceeded and was subsequently rejected on timeliness on his final appeal." Id. at 3.

With this objection, the plaintiff appears to disagree with the magistrate judge's denial of the Corrections Defendant's motion to dismiss for failure to exhaust administrative remedies. In his denial of the motion to dismiss for failure to exhaust administrative remedies, the magistrate judge noted that this aspect of the motion, as well as plaintiff's brief, "invite the Court to consider matters outside the pleadings, a task which falls beyond the reach of a Rule 12 motion to dismiss." (Rec. Doc. No. 18 at 20). Namely, there remains a factual dispute as to when the plaintiff received Superintendent Klopotoski's denial of the plaintiff's appeal; while the Corrections Defendants point to the fact that the plaintiff's appeal to the Secretary's Office of Inmate Grievances and Appeals was denied as untimely (Rec. Doc. No. 16 at 4), the plaintiff claims that he only received the denial of appeal from Superintendent Klopotoski on April 17, 2008 (Rec. Doc. No. 17 at 4). A determination of such a factual dispute is improper at the motion to dismiss stage.

11

See Hishon, 467 U.S. at 73 (noting that, for the purposes of ruling on a motion to dismiss, the Court "must accept petitioner's allegations as true").

In light of the above, we conclude that the magistrate judge was correct in recommending the denial without prejudice of the Corrections Defendants' motion to dismiss for failure to exhaust administrative remedies.

**CONCLUSION:**

Pursuant to our reasoning above, we will adopt the magistrate judge's Report and Recommendation. (Rec. Doc. No. 18). First, we will adopt the magistrate judge's recommendation that dismissal of the plaintiff's claims against the Corrections Defendants is warranted to the extent that those claims seek damages from the defendants acting in their official capacities; we agree with the sound reasoning of the magistrate judge, and the plaintiff has not objected to that aspect of the magistrate judge's Report and Recommendation. Second, the plaintiff's claims against Superintendent Klopotoski will be dismissed without prejudice. As such, the plaintiff is free to amend his complaint within 30 days of the entry of the Order accompanying this Memorandum so that he may address those deficiencies in his complaint as noted in the magistrate judge's Report and Recommendation. Third, the Corrections Defendants' motion to dismiss for failure to exhaust administrative remedies is denied without prejudice.

s/ James F. McClure, Jr.
		James F. McClure, Jr.
		United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER JONES, | : | |
| | : | |
| Plaintiff, | : | No. 4:09-CV-887 |

|               |   :   |                           |
|---------------|-------|---------------------------|
| v.            |   :   | (Judge McClure)           |
|               |   :   |                           |
| C.O. HASHAGEN, et al., | : |                      |
| et. al.       |   :   | (Magistrate Judge Carlson)|
|               |   :   |                           |
| Defendants.   |   :   |                           |

**ORDER**

January 12, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate J. Carlson's Report and Recommendation is **ADOPTED** in full.  (Rec. Doc. No. 18).

2. To the extent that Plaintiff's claims seek damages from Defendants Hashagen, Semon, and Klopotoski based upon those defendants acting in their official capacities, Plaintiff's claims against those defendants are **DISMISSED**.  (Rec. Doc. No. 13).

3. Plaintiff's claim against Defendant Klopotoski is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, and Plaintiff may amend his complaint within 30 days of the entry of this Order.  (Rec. Doc. No. 13).

4. Defendants' motion to dismiss for failure to exhaust administrative

remedies is **DENIED** without prejudice.  (Rec. Doc. No. 13).

    5.   The case is remanded to the United States Magistrate Judge for further proceedings consistent with this Memorandum and Order.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge