IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER JONES, | : | |
| | : | |
| Plaintiff, | : | No. 4:09-CV-887 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| C.O. HASHAGEN, et al., | : | (Magistrate Judge Carlson) |
| et. al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

November 10, 2010

## I. INTRODUCTION

On May 11, 2009, plaintiff Christopher Jones, an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), proceeding pro se, commenced this action by filing a complaint under 42 U.S.C. § 1983. (Rec. Doc. No. 1). At the time of the events in question, the plaintiff was an inmate incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"). In his complaint, plaintiff named as defendants SCI-Dallas Corrections Officers Hashagen and Linhart, Unit Manager Joseph Semon, Superintendent Michael D. Klopotoski, and a Dr. Dempsey.[1]

---

[1] It appears as though defendants Linhart and Dempsey were never served or are unidentified; at the very least, no counsel has entered an appearance on their behalf. (See Rec. Doc. Nos. 11, 12).

## II. FACTUAL HISTORY

In his complaint, plaintiff asserted that the above defendants violated the Eighth Amendment to the United States Constitution when they failed to protect him from an assault by another inmate at SCI-Dallas on February 5, 2008. As recited by the magistrate judge in his report and recommendation:

> . . . On [February 5, 2008], as Jones was leaving his cell and proceeding to the guards' desk, another inmate, Woodrow Mitchell, threw a television set from the top tier of the cell block, striking Jones on the head and rendering him unconscious. (Compl. ¶ 15) Mitchell then returned to his own cell and retrieved some hot water, which he also threw down upon Jones as he lay prone on the cell block floor. (Id. ¶ 16.) Apparently, during this assault, Mitchell also threw a shoe at Jones.
>
> After hurling these items at Jones, Mitchell retreated to his cell and locked himself inside. Prison officials responded to the scene, transported Jones to the infirmary, and treated his injuries. (Compl. ¶¶ 20, 21.) Jones was later taken to a hospital, where he received additional medical treatment before being returned to the prison infirmary. (Id. ¶¶ 21-23.) Jones continued to receive treatment for his injuries, in the form of prescription pain relievers, until February 18, 2008. (Id. ¶ 25.)

(Rec. Doc. No. 49 at 2-3).

## III. PROCEDURAL HISTORY

On February 12, 2008, pursuant to Department of Corrections Administrative Directive 804 ("DOC-ADMIN 804"), the plaintiff filed a grievance with the prison's unit manager, Joseph Semon. This grievance was denied. Next,

plaintiff filed an appeal with Superintendent Klopotoski, who denied the plaintiff's appeal on March 28, 2008. Finally, prison officials dismissed the plaintiff's final appeal on May 12, 2008, because of its being filed in an untimely manner. Plaintiff claims that this final appeal was in fact timely, as he alleges that he was not provided with the Superintendent's denial of his appeal until April 17, 2008.

On May 11, 2009, plaintiff filed his pro se complaint against defendants Hashagen, Linhart, Semon, Klopotoski, and Dempsey. (Rec. Doc. No. 1). The matter initially was assigned to United States Magistrate Judge Mannion, though it eventually was reassigned to Magistrate Judge Carlson. (Rec. Doc. No. 14). On August 24, 2009, defendants Hashagen, Semon, and Klopotoski ("Corrections Defendants") filed a motion to dismiss. (Rec. Doc. No. 13).

After briefing by the parties (Rec. Doc. Nos. 16, 17), Magistrate Judge Carlson filed a twenty-one page report and recommendation on September 30, 2009. (Rec. Doc. No. 18). Magistrate Judge Carlson recommended dismissal of the plaintiff's claims against the Corrections Defendants to the extent that those claims sought damages from the defendants for acting in their official capacities. (Id. at 19). Second, the magistrate judge recommended that the claim against Superintendent Klopotoski be dismissed for failure to state a claim upon which

relief could be granted.² Third, the magistrate judge recommended denial without prejudice of that portion of the Corrections Defendants' motion which sought dismissal of the plaintiff's complaint based upon the failure to exhaust administrative remedies. (Id. at 20). On November 11, 2009, the plaintiff filed a document in which he objected to the magistrate judge's report and recommendation. (Rec. Doc. No. 23).

Upon our review of the complaint and documents in the case and applicable law, we agreed with the magistrate judge's analysis and recommendations. Therefore, we adopted the magistrate judge's report and recommendation in full. (Rec. Doc. No. 26). As such, we dismissed the plaintiff's claims seeking damages based upon the Corrections Defendants' actions undertaken in their official capacity and dismissed without prejudice plaintiff's complaint against Superintendent Klopotoski for failure to state a claim upon which relief could be granted.³ In addition, we denied without prejudice the Corrections Defendants'

---

² The magistrate judge recommended that this dismissal be without prejudice to the plaintiff, in order for the plaintiff to be provided leave to amend his complaint within thirty (30) days of our entry of an order adopting the magistrate judge's report and recommendation. (Id. at 19-20).

³ Although this court afforded the plaintiff an opportunity to file an amended complaint against defendant Klopotoski, the plaintiff failed to file a timely amended complaint.

motion to the extent that they sought dismissal of the plaintiff's claims for failure to exhaust administrative remedies. We then remanded the case to Magistrate Judge Carlson for further proceedings consistent with our Memorandum and Order.

On February 12, 2010, defendants Hashagen, Semon, and Klopotoski filed an answer to the plaintiff's complaint, with a jury demand. (Rec. Doc. No. 29). On July 7, 2010, defendants Hashagen and Semon filed a motion for summary judgment. (Rec. Doc. No. 40). On July 21, 2010, these defendants filed a brief in support of their motion for summary judgment, as well as a statement of material facts. (Rec. Doc. Nos. 43, 44). In their brief, defendants contend that there are two bases for this court's granting the defendants' motion for summary judgment. First, defendants contend that the plaintiff has failed to exhaust those administrative remedies available to him and, therefore, has procedurally defaulted on the claims he raises. (Rec. Doc. No. 43 at 5-8). Second, the defendants argue that, because they were not deliberately indifferent to a serious risk of harm to the plaintiff, they are entitled to summary judgment on the plaintiff's claims. (Id. at 8-11).

On August 9, 2010, the plaintiff filed a brief in opposition to the motion for summary judgment. (Rec. Doc. No. 45). Plaintiff first contended that his claims

should not be considered to be procedurally barred.  As support, Jones reiterated his argument that his final administrative appeal, which was denied as untimely, was in fact timely, as he claimed he was not provided with the Superintendent's denial until April 17, 2008.  (Id. at 3-4).  Second, Jones contended that there remained a genuine issue of material fact as to whether the defendants were deliberately indifferent to a serious risk of harm to himself.  (Id. at 5-7).  The plaintiff argued that the severity and duration of the assault, as well as the responsiveness of the defendants to the assault, support a denial of the defendants' motion for summary judgment.  (Id. at 6).  The defendants did not file a reply brief.

On October 22, 2010, Magistrate Judge Carlson issued a twenty (20) page report and recommendation.  (Rec. Doc. No. 49).  First, although he notes that it is a close question, the magistrate judge concludes that disputed facts remain concerning whether the plaintiff exhausted those administrative remedies available to him.  (Id. at 6-12).  Second, as to the merits of the plaintiff's complaint, the magistrate judge recommends that this court grant summary judgment in favor of defendants Hasagen and Semon and close the case file.  (Id. at 19).  In support, the magistrate judge concludes that there exists insufficient evidence to create a genuine issue of material fact as to whether the defendants were aware of the risk Mitchell posed to Jones or whether the defendants failed to act in a timely and

6

appropriate manner in responding to the assault. (Id. at 16-19). On November 5, 2010, the plaintiff filed his objections to the magistrate judge's report and recommendation. (Rec. Doc. No. 51).[4]

## IV. STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. See Middle District Local Rule 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." (Id.)

Summary judgment is appropriate when 1) there are no material facts in

---

[4] In this document, the plaintiff lists five issues that he contends compel this court's rejection of the magistrate judge's report and recommendation:
1. Whether the Defendants were aware from specific facts in Mitchell's citation for fighting from which the inference could be drawn that a substantial risk of serious harm exist[ed] to Plaintiff or others on the Unit.
2. Whether Defendant Hashagen should have been on the ground floor of the housing unit at the time of the assault on Plaintiff or was it a deliberate position.
3. Whether Defendant Semon's position "way in the back of the block" at the time of the assault on Plaintiff was deliberate or coincidence.
4. Whether at the time of the assault on Plaintiff the Defendants should have been in a position to prevent the assault or properly respond.
5. Whether proper positioning by security staff could have prevented the assault on Plaintiff or provide[ed] for a proper response.
(Id. at 2).

7

dispute; and 2) one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. P. 56(c)).

A district court may properly grant a motion for summary judgment "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814

F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim.  Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains.  Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V. DISCUSSION

We note at the outset that we agree with the magistrate judge's recommendation that the matter cannot be dismissed on procedural grounds.  As the facts have been presented, we are constrained to conclude that a genuine issue of material fact remains as to whether the plaintiff has properly exhausted the

9

administrative remedies made available to him. As such, we will adopt the magistrate judge's recommendation that summary judgment should not be entered in favor of the defendants on the basis of the plaintiff's alleged failure to exhaust administrative remedies. (See Rec. Doc. No. 49 at 12).

In light of this conclusion, we must decide whether, on the merits, the defendants are entitled to summary judgment on the plaintiff's Eighth Amendment claims. We again are constrained to agree with the magistrate judge and conclude that the defendants are entitled to summary judgment on the merits, as there is no evidence that either defendant was aware of, or should have been aware of, the risk Mitchell posed to the plaintiff or that they did not act in a timely or appropriate fashion to respond to the assault.

The plaintiff appears to allege, as a basis for his Eighth Amendment claims, that the corrections officers were deliberately indifferent to the risk of harm Mitchell posed to the plaintiff. The key issue in determining whether an official's actions constitute deliberate indifference is the actual knowledge of the defendant. According to the Supreme Court,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement <u>unless the official knows of and disregards an excessive risk to inmate health or safety</u>; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) (emphasis added).  This test is a subjective, and not objective, one.  Therefore, the actual knowledge of the defendant is paramount.  The subjective knowledge of the defendant, though, "can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842).

Here, we agree with the magistrate judge that there is simply no evidence that either defendant knew or should have known that Mitchell posed a danger to the plaintiff.  (Rec. Doc. No. 49 at 16).  Similarly, there is no evidence that either defendant was aware of information that would have given them reason to believe that Mitchell posed such a risk.  (Id.)[5]  The evidence also supports the conclusion that each defendant responded appropriately after the assault occurred.  As the magistrate judge points out, each corrections officer was removed in space from the area of the incident, and neither could have acted directly to prevent the assault from occurring.  (See id. at 17; see also Rec. Doc. No. 44 at 2-3).  Plaintiff has failed to point to any evidence that would support his claims that the defendants

---

[5] The only record of fighting in Mitchell's disciplinary history is a citation for fighting, based upon an incident that occurred in 2000.

violated his Eighth Amendment rights, and the list contained in his objections to the magistrate judge's report and recommendation does not remedy this failure. (See Rec. Doc. No. 51). We agree with the magistrate judge that "the evidence tends only to confirm the conclusion reached throughout the administrative process, namely, that the officers reacted appropriately to the assault on February 5, 2008." (Rec. Doc. No. 49 at 19).

## VI.  CONCLUSION

In light of the above, we will deny the plaintiff's objections (Rec. Doc. No. 51) and adopt the magistrate judge's report and recommendation in full (Rec. Doc. No. 49). Therefore, we will grant the defendants' motion for summary judgment (Rec. Doc. No. 40) and direct the clerk to close the case file.

   s/ James F. McClure, Jr.   
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER JONES, | : | |
| | : | |
| Plaintiff, | : | No. 4:09-CV-887 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| C.O. HASHAGEN, <u>et</u> <u>al.</u>, | : | (Magistrate Judge Carlson) |
| et. al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

November 10, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Jones' objections to United States Magistrate Judge Martin Carlson's Report and Recommendation are **OVERRULED**. (Rec. Doc. No. 51).

2. Magistrate Judge Carlson's Report and Recommendation is **ADOPTED IN FULL**. (Rec. Doc. No. 49).

3. Defendants Hashagen and Semon's Motion for Summary Judgment is **GRANTED**. (Rec. Doc. No. 40).

4. Final judgment is entered in favor of defendants Hashagen and Semon and against plaintiff Jones.

5. The complaint is dismissed, with prejudice, as against defendant Klopotoski.

6. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge