# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER JONES**, | : | **CIVIL ACTION NO. 4-09-CV-0887** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **CO LINDLER & DR. DEMPSEY** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 20th day of March, 2012, upon consideration of plaintiff Jones' motion to supplement his complaint (Doc. 107), wherein he seeks leave to serve a supplemental complaint alleging retaliation upon officials of State Correctional Instutite (SCI)-Mahanoy, where Jones is current incarcerated, for opening his legal mail outside of his presence during the pendency of this action; and upon equal consideration of defendant Lindler's brief in opposition (Doc. 109), wherein Lindler saliently observes that the claim that Jones seeks to supplement is entirely unrelated to the original subject matter of the complaint—defendants' alleged failure to protect him from assault by another inmate—and that, moreover, dispositive motions on the remaining claims in Jones' complaint have already been filed (Docs. 78, 95); and, cognizant of a district court's broad discretion over whether

to permit supplemental complaints,[1] coupled with the recognition that allowing a supplement of the sort that Jones seeks would neither promote justiciability of the current claims (rather, it would surely delay a justiciable outcome) nor prejudice Jones' ability to set forth his retaliation claim in another forum if he so chooses,[2] it is hereby ORDERED that plaintiff's motion to supplement his complaint (Doc. 107) is DENIED.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[1] A motion seeking leave to serve supplemental pleadings is substantively distinct from a motion seeking leave to amend a complaint. Compare FED. R. CIV. P. 15(a)–(c) (governing amendments to pleadings) with FED. R. CIV. P. 15(d) (governing supplemental pleadings). Unlike motions to amend complaints, which a court must "freely give leave" to do "when justice so requires," Fed. R. Civ. P. 15(a)(2), a court "may, on just terms, permit a party to serve a supplemental pleading," Fed. R. Civ. P. 15(d). Supplemental pleadings concern events that occurred after the original pleading was filed and are frequently unrelated to the subject matter of the original complaint. Id.; Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.3d 1185, 1188–89 (3d Cir. 1979). Trial courts have considerable discretion in determining whether a supplemental pleading is "advisable." Owen-Illinois, Inc., 610 F.3d at 1189. See also Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988) (citing Bates v. W. Elec., 420 F. Supp. 521, 525 (E.D. Pa. 1976)) ("An application for leave to file a supplemental pleading . . . is addressed to the sound discretion of the trial court.").

[2] Denying the motion on these bases is consistent with the factors that a court must consider when presented with such a motion. Under Nottingham, a court should consider "the promotion of a justiciable disposition of the case, the delay or inconvenience [that allowing] such a pleading [would] cause, and the prejudice to the rights of the parties to the action." Nottingham, 709 F. Supp. at 544 (citing Bates, 420 F. Supp. at 525; WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1509.)